Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Tel: 212-809-2501
Fax: 212-214-0307
Email: ed@heatlaw.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------X

PENGUIN GROUP (USA) INC.,

      Plaintiff,

-against-

AMERICAN BUDDHA,

      Defendant.

------------------------------------------X

Case No. 09 CIV 00528 (GEL)

**NOTICE OF MOTION TO ADMIT
CHARLES CARREON *PRO HAC VICE***

      PURSUANT TO RULE 1.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I, Edward Hernstadt, a member in good standing of the bar of this Court, hereby moves for an Order allowing the admission *pro hac vice* of

      Charles Carreon
      Online Media Law, PLLC
      2165 S. Avenida Planeta
      Tucson, Arizona 85710
      Tel: 520-841-0835
      Fax: 503-296-5317

      Charles Carreon is a member in good standing of the Bars of the States of California and Oregon, as evidenced by the Certificates of Good Standing annexed to the attached Affidavit of Edward Hernstadt, sworn to March 4, 2009. There are no pending disciplinary proceeding against Charles Carreon in any State or Federal court.

1

Dated: March 4, 2009
       New York, New York

                                          Respectfully submitted:

                                          */s/ Edward Hernstadt*
                                          Edward Hernstadt (EH 9569)
                                          HERNSTADT ATLAS LLP
                                          11 Broadway, Suite 615
                                          New York, New York 10004
                                          Tel: 212-809-2501
                                          Fax: 212-214-0307
                                          Email: ed@heatlaw.com

To:    Thomas Kjellberg, Esq.
        Cowan, Liebowitz & Latman, P.C.
        1133 Avenue of the Americas
        New York, NY 10036
        Tel: 212-790-9200
        Fax: 212-575-0671
        txk@cll.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                 ) SS.
COUNTY OF NEW YORK  )

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 4, 2009, she caused a copy of the foregoing Notice of Motion to Admit Charles Carreon *pro hac vice*, dated March 4, 2009, and attached Declaration of Edward Hernstadt in support of such motion, by causing it to be served upon counsel for Plaintiff Thomas Kjellberg, Cowan, Liebowitz & Latman, P.C., 1133 Avenue of the Americas, New York, NY 10036, by facsimile and by first class mail, postage paid.:

_____
Edward Hernstadt

SWORN TO before me
this 4th day of March, 2009.

_____
Notary Public

ELKE HOFMANN
Notary Public - State of New York
No. 02HO6176688
Qualified In Kings County
My Commission Expires Nov. 5, 2011

Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Tel: 212-809-2501
Fax: 212-214-0307
Email: ed@heatlaw.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

PENGUIN GROUP (USA) INC.,

      Plaintiff,

-against-

AMERICAN BUDDHA,

      Defendant.

---------------------------------------------------------------X

Case No. 09 CIV 00528 (GEL)

**DECLARATION OF EDWARD HERNSTADT IN SUPPORT OF MOTION TO ADMIT CHARLES CARREON *PRO HAC VICE***

1. I am counsel for Defendant in the above captioned action for purposes of making this motion. I am familiar with the proceedings in this case. I make this statement based on my personal knowledge of the facts set forth herein and in support of Defendant's motion to admit Charles Carreon as counsel *pro hac vice* to represent Plaintiff in this matter.

2. I am a member in good standing of the bar of the State of New York, and was admitted to practice law in the State of New York in April, 1992. I am also admitted to the bar of the United States District Court for the Southern District of New York, the Eastern District of New York, and the Second Circuit Court of Appeals, and am in good standing with this Court.

3. Mr. Carreon was introduced to me by a respected intellectual property attorney with whom I am well-acquainted on February 3, 2009.

4. Mr. Carreon has been a member of the California bar since 1987, and is admitted to practice in all the Federal District Courts in California and Oregon, and in the Ninth Circuit Court of Appeals. He began his litigation career as an associate in the Los Angeles offices of Philadelphia-based Morgan, Lewis & Bockius, and after two years moved to the Los

Angeles office of New York-based Reboul, MacMurray, Hewitt, Maynard & Kristol, which has since merged into Ropes & Gray. He became a member of the Oregon bar in 1993, where he became a prosecutor with the Jackson County District Attorney's Office in Medford, Oregon, and later on the Criminal Justice Act Panel for the Federal Public Defender of the District of Oregon. He is now a sole practicioner operating Online Media Law, PLLC, and was trial counsel of record for the prevailing plaintiff in a groundbreaking intellectual property case that produced a published opinion, *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003), which established the theory of Internet domain names as personal property in the Ninth Circuit. Mr. Carreon has also published a non-fiction book on the *Kremen* case that is available on Amazon.com. There is a considerable volume of information on the Internet about Mr. Carreon, including a Wikipedia page that confirms the outline of his career as set forth above.

5. Mr. Carreon was recommended to me by Fred von Lohmann, a senior staff attorney with the Electronic Freedom Foundation, with whom I have a long acquaintance, as an attorney willing and able to represent the defendant in this case on a *pro bono* basis. I understand that Mr. Lohmann and Mr. Carreon have been acquainted for several years. I have reviewed several of Mr. Carreon's briefs filed in Federal cases in the Northern District of California and an appellate brief he filed with the Ninth Circuit, and they make clear that he is skilled in Federal practice and is familiar with the Federal Rules of Procedure. I am confident that he will provide capable representation to the Defendant and adhere to the rules of practice for this Court.

6. Accordingly, I am pleased to move the admission of Charles Carreon, *pro hac vice*.

7. I respectfully submit a proposed order granting the admission of Charles Carreon, *pro hac vice*, which is attached hereto as Exhibit A.

WHEREFORE it is respectfully requested that the motion to admit Charles Carreon, *pro hac vice*, to represent Defendant in the above captioned matter, be granted.

Dated: March 4, 2009
New York, New York

                Respectfully submitted:

                */s/ Edward Hernstadt*
                Edward Hernstadt (EH 9569)
                HERNSTADT ATLAS LLP
                11 Broadway, Suite 615
                New York, New York 10004
                Tel: 212-809-2501
                Fax: 212-214-0307
                Email: ed@heatlaw.com

To:    Thomas Kjellberg, Esq.
        Cowan, Liebowitz & Latman, P.C.
        1133 Avenue of the Americas
        New York, NY 10036
        Tel: 212-790-9200
        Fax: 212-575-0671
        txk@cll.com



# THE STATE BAR OF CALIFORNIA

MEMBER SERVICES CENTER

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1639     TELEPHONE: 888-800-3400

February 11, 2009

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, CHARLES HERNAN CARREON, #127139 was admitted to the practice of law in this state by the Supreme Court of California on January 14, 1987; that from the date of admission to January 20, 1995, he was an ACTIVE member of the State Bar of California; that on January 20, 1995, he transferred at his request to the INACTIVE status as of January 1, 1995; that from that date to January 24, 1997, he was an INACTIVE member of the State Bar of California; that on January 24, 1997, he transferred at his request to the ACTIVE status; that from that date to September 21, 2006, he was an ACTIVE member of the State Bar of California; that on September 21, 2006, he was suspended from the practice of law in California by order of the Supreme Court; that said suspension remained in effect until November 20, 2006, upon which date he was reinstated to the ACTIVE status; that he has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Governors or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Sima La Fontaine
Custodian of Membership Records



# CERTIFICATE

State of Oregon )
            ) ss.
County of Washington )

I, Linn D. Davis, do hereby certify that I am an Assistant Disciplinary Counsel of the Oregon State Bar, and have access to the official files and records of the Oregon State Bar.

The official files and records of the Oregon State Bar indicate:

## CHARLES H. CARREON

was admitted to practice law in the State of Oregon by examination and became an active member of the Oregon State Bar on September 27, 1993. From September 27, 1993 to October 23, 2005, Mr. Carreon was an active member of the Oregon State Bar in good standing, licensed and entitled to practice law in all courts of the State of Oregon.

On October 24, 2005, a 60 day suspension was imposed on Mr. Carreon (see copy of order attached, consisting of 8 pages). He was reinstated to active status on April 27, 2006

Mr. Carreon transferred to an inactive status on January 31, 2008.

Mr. Carreon is an inactive member of the Oregon State Bar in good standing.

DATED this 30th day of January, 2009.



Linn D. Davis
Assistant Disciplinary Counsel
Oregon State Bar

RECEIVED
OCT - 4 2005
DISCIPLINARY COUNSEL

IN THE SUPREME COURT
OF THE STATE OF OREGON

In re:                                  )
                                        )
Complaint as to the Conduct of          ) Case No. 04-146
                                        )
CHARLES H. CARREON,                     ) ORDER APPROVING STIPULATION
                                        ) FOR DISCIPLINE
Accused.                                )
                                        )

This matter having been heard upon the Stipulation for Discipline entered into by the Accused and the Oregon State Bar, and good cause appearing,

IT IS HEREBY ORDERED that the stipulation between the parties is approved and the Accused is suspended for sixty (60) days, effective October 24, 2005, or three (3) days after this Order is signed, whichever is later, for violation of DR 3-101(B) and DR 9-101(A).

DATED this _30_ day of __September__, 2005.

_____
Michael C. Zusman, Esq.
State Disciplinary Board Chairperson

_____
R. Paul Frasier, Esq., Region 3
Disciplinary Board Chairperson

PAGE 1 – ORDER APPROVING STIPULATION FOR DISCIPLINE

IN THE SUPREME COURT

OF THE STATE OF OREGON

In re: )
)
Complaint as to the Conduct of ) Case No. 04-146
)
CHARLES H. CARREON, ) STIPULATION FOR
) DISCIPLINE
Accused. )
)

Charles H. Carreon, attorney at law, (hereinafter, "the Accused") and the Oregon State Bar (hereinafter, "the Bar"), hereby stipulate to the following matters pursuant to Oregon State Bar Rule of Procedure 3.6(c).

1.

The Bar was created and exists by virtue of the laws of the State of Oregon and is, and at all times mentioned herein was, authorized to carry out the provisions of ORS Chapter 9, relating to the discipline of attorneys.

2.

The Accused was admitted by the Oregon Supreme Court to the practice of law in Oregon on September 27, 1993, and has been a member of the Oregon State Bar continuously since that time, currently having his office and place of business in Jackson County, Oregon.

3.

The Accused enters into this Stipulation for Discipline freely and voluntarily. This Stipulation for Discipline is made under the restrictions of Bar Rule of Procedure 3.6(h).

4.

On January 19, 2005, a Formal Complaint was filed against the Accused pursuant to the authorization of the State Professional Responsibility Board (hereinafter, "SPRB"), alleging violation of DR 3-101(B) (unlawful practice of law) and DR 9-101(A) (failure to deposit or

PAGE 1 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

1  maintain client funds in trust). The parties intend that this Stipulation for Discipline set forth all
2  relevant facts, violations and the agreed-upon sanction as a final disposition of the proceeding.

3                                          Facts

4                                           5.

5       In or around October 2001, the Accused was hired by Sweet Entertainment Group and
6  Sweet Productions, Inc. (hereinafter collectively "SEG"), a U.S. corporation, on a non-exclusive
7  basis to function as house counsel for its U.S. legal matters and business operations in
8  Vancouver, British Columbia, Canada. The Accused is not, and at all times mentioned herein
9  was not, an attorney duly admitted or licensed to practice law in the province of British
10 Columbia or the country of Canada.

11                                          6.

12      Under British Columbia Law Society Rule (hereinafter "BC Rules") 2-18, a lawyer
13 wishing to practice only foreign law in British Columbia, Canada, must complete an application,
14 submit it with a fee to the Executive Director and obtain a permit to act as a practitioner of
15 foreign law in British Columbia. The Accused did not apply for or obtain admission as a
16 practitioner of foreign law under BC Rule 2-18.

17                                          7.

18      From Fall 2001 through Spring 2002, the Accused acted as house counsel for SEG and
19 engaged in the practice of law in British Columbia, Canada, in violation of BC Rules.

20                                          8.

21      As counsel for SEG, the Accused held in his trust account settlement proceeds for the
22 benefit of SEG, received in connection with a litigation matter. On or about October 11, 2002,
23 without consulting with SEG or obtaining its express consent, the Accused utilized $1,400 of the
24 settlement proceeds to pay a portion of a money judgment that had been entered against the
25 Accused and his wife for a residential lease they signed in connection with the Accused's

PAGE 2 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

1 employment in Canada. At the time, the Accused knew or should have known that SEG disputed
2 whether the Accused was entitled to payment for the lease as a reimbursable employment
3 expense.

## Violations

9.

The Accused admits that, by practicing law in a jurisdiction where to do so was in violation of regulations of the profession in that jurisdiction and by failing to maintain client funds in a lawyer trust account, he violated DR 3-101(B) and DR 9-101(A) of the Code of Professional Responsibility.

## Sanction

10.

The Accused and the Bar agree that in fashioning an appropriate sanction in this case, the Disciplinary Board should consider the ABA *Standards for Imposing Lawyer Sanctions* (hereinafter, "*Standards*"). The *Standards* require that the Accused's conduct be analyzed by considering the following factors: (1) the ethical duty violated; (2) the attorney's mental state; (3) the actual or potential injury; and (4) the existence of aggravating and mitigating circumstances.

    a. **Duty Violated.** The Accused violated his duty to his client to preserve client property and his duty to the profession to refrain from the unauthorized practice of law. *Standards* §§ 4.1, 7.0.

    b. **Mental State.** The Accused knowingly engaged in the practice of law in Canada, negligent of his duty to be licensed as a foreign legal consultant in violation of the BC Rules, and negligent in his failure to investigate the licensing requirements prior to engaging in such practice in Canada. "Knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the

PAGE 3 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

conscious objective or purpose to accomplish a particular result. *Standards* at 7. "Negligence" is the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation. *Id.* The Accused also knew or should have known that he was dealing improperly with client property, but utilized the funds believing that SEG would ultimately be responsible for his lease obligation.

    c. **Injury.** Injury does not need to be actual, but only potential to support the imposition of sanctions. *In re Williams*, 314 Or 530, 840 P2d 1280 (1992). The Accused caused actual and potential injury to his client. The client was denied the opportunity to challenge the Accused's use of its funds for payment of the lease judgment. In addition, the BC Rules require proof of malpractice coverage by an applicant as a practitioner of foreign law under BC Rule 2-18. The Accused did not comply with the practitioner of foreign law admissions rule, and did not obtain malpractice coverage for his work on behalf of SEG.

    d. **Aggravating Factors.** Aggravating factors include:

        1. The Accused utilized client funds for a personal obligation. *Standards* § 9.22(b);

        2. Multiple offenses. *Standards* § 9.22(d);

        3. The Accused has substantial experience in the practice of law, having been admitted in Oregon in 1993 and in California in 1987. *Standards* § 9.22(i)

    e. Mitigating Factors. Mitigating factors include:

        1. The Accused has no prior history of discipline. *Standards* § 9.32(a).

        2. The Accused has displayed a cooperative attitude toward the disciplinary proceedings. *Standards* § 9.32(e).

PAGE 4 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

Oregon State Bar
Disciplinary Counsel's Office
5200 SW Meadows Road
Lake Oswego, Oregon 97035
1-800-452-8260

11.

The *Standards* provide that absent aggravating or mitigating circumstances, suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client funds and causes injury or potential injury to a client. *Standards* § 4.12. Suspension is also appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional (i.e., unauthorized practice of law), and causes injury or potential injury to a client, the public, or the legal system. *Standards* § 7.2.

12.

Oregon case law is in accord. *See, e.g., In re Eakin*, 334 Or 238, 258-58, 48 P3d 147 (2002) (60-day suspension where lawyer "should have known" that she was dealing improperly with the trust account, due in part to substantial experience in the practice of law); *In re Wyllie*, 331 Or 606, 19 P3d 338 (2001) (4-month suspension for violation of DR 9-101(A) and other charges, with prior discipline); *In re Starr*, 326 Or 328, 952 P2d 1017 (1998) (6-month suspension for improperly withdrawing disputed funds from trust); *In re Williams*, 314 Or 530, 840 P2d 1280 (1992) (63-day suspension for, among other charges, failing to hold funds in trust pending resolution of dispute). *See also, In re Jones*, 308 Or 306, 779 P2d 1016 (1989) (6-month suspension for unlawful practice); *In re Nelson*, 17 DB Rptr 41 (2003) (reprimand for unauthorized appearance in Washington bankruptcy); *In re Kimmell*, 10 DB Rptr 175 (1996) (reprimand for representation of clients in 3 matters in California while inactive in that state); *In re Butler*, Or S Ct No S40533 (1993) (90-day suspension for filing an answer to a complaint in Nebraska when he was not authorized to practice law in Nebraska).

13.

Consistent with the *Standards* and Oregon case law, the parties agree that the Accused shall be suspended for 60 days for violation of DR 3-101(B) and DR 9-101(A) of the Code of

PAGE 5 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

Oregon State Bar
Disciplinary Counsel's Office
5200 SW Meadows Road
Lake Oswego, Oregon 97035
1-800-452-8260

1  Professional Responsibility, the suspension to be effective October 1, 2005 or three (3) days after
2  this stipulation is approved, whichever is later.

3                                    14.

4  This Stipulation for Discipline is subject to review by Disciplinary Counsel of the Oregon
5  State Bar and to approval by the State Professional Responsibility Board (SPRB). If approved by
6  the SPRB, the parties agree the stipulation is to be submitted to the Disciplinary Board for
7  consideration pursuant to the terms of BR 3.6.

8
9  EXECUTED this _9th_ day of _September_, 2005.
10
11  _____
    Charles H. Carreon
12  OSB No. 93469
13
14  EXECUTED this _23rd_ day of _September_, 2005.
    OREGON STATE BAR
15
16  By: _____
    Amber Bevacqua-Lynott
17  OSB No. 99028
18  Assistant Disciplinary Counsel

PAGE 6 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

1   I, Charles H. Carreon, being first duly sworn, say that I am the Accused in the above-
entitled proceeding and that I attest that the statements contained in the stipulation are true and
2   correct as I verily believe.

3

4   _____
    Charles H. Carreon

5

6   Subscribed and sworn to before me this 9th day of September, 2005.

7

8   [Notary Seal: OFFICIAL SEAL / J. AUSTAD / NOTARY PUBLIC-OREGON / COMMISSION NO. 368759 / MY COMMISSION EXPIRES JUNE 21, 2007]

    _____
    Notary Public for Oregon
9   My commission expires: 6-21-07

10

11

12   I, Amber Bevacqua-Lynott, being first duly sworn, say that I am Assistant Disciplinary
Counsel for the Oregon State Bar and that I attest that I have reviewed the foregoing Stipulation
13   for Discipline and that the sanction was approved by the SPRB for submission to the
Disciplinary Board on the 12th day of August, 2005.

14

15   _____
    Amber Bevacqua-Lynott

16

17   Subscribed and sworn to before me this 23 day of September, 2005.

18

19   [Notary Seal: OFFICIAL SEAL / SANDY L. GERBISH / NOTARY PUBLIC-OREGON / COMMISSION NO. 365471 / MY COMMISSION EXPIRES FEBRUARY 22, 2007]

    _____
    Notary Public for Oregon
20   My commission expires: 2/22/2007

21

22

23

24

25

PAGE 7 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

Exhibit A

Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Tel: 212-809-2501
Fax: 212-214-0307
Email: ed@heatlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————— X

PENGUIN GROUP (USA) INC.,

    Plaintiff,

-against-

AMERICAN BUDDHA,

    Defendant.

———————————————————— X

Case No. 09 CIV 00528 (GEL)

**ORDER FOR ADMISSION**
**OF CHARLES CARREON**
*PRO HAC VICE*

    Upon the motion of Edward Hernstadt, attorney for American Buddha and said sponsor attorney's declaration in support;

**IT IS HEREBY ORDERED** that

>  Charles Carreon
>  Online Media Law, PLLC
>  2165 S. Avenida Planeta
>  Tucson, Arizona 85710
>  Tel: 520-841-0835
>  Fax: 503-296-5317
>  Email: chas@charlescarreon.com

is admitted to practice *pro hac vice* as counsel for American Buddha in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. As this action is assigned to the Electronic Case Filing (ECF) system, counsel shall immediately apply for an ECF password at nysd.uscourts.gov. Counsel shall forward the *pro hac vice* fee to the Clerk of Court.

1

Dated: March __, 2009

_____
Gerald E. Lynch
United States District Judge