Charles Carreon (Cal. Bar # 127139)
ONLINE MEDIA LAW, PLLC
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Fax: 503-296-5317
Email: chas@charlescarreon.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENGUIN GROUP (USA) INC.,

    Plaintiff,

-against-    Case No. 09 CIV 00528 GEL

AMERICAN BUDDHA,

    Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY AMERICAN BUDDHA FOR LACK OF PERSONAL JURISDICTION

1. **Factual Background**

Penguin USA ("Penguin") filed this action in the Southern District of New York against American Buddha, an Oregon nonprofit corporation with no real estate, personal property, bank accounts, personnel, business associates or business activities in New York. (Carreon Dec. ¶¶ 2 - 14; Hammond Dec. ¶¶ 3 – 6.) Penguin alleges copyright infringement based on content appearing on American Buddha's passive website, www.naderlibrary.com, that is not directed at or targeted to New York residents. (Hammond Dec. ¶ 6.)

2. **The Standard For The Motion**

When a defendant moves to dismiss for lack of personal jurisdiction under F.R.Civ.P. 12(b)(2), plaintiff bears the burden of establishing grounds for jurisdiction. *In re Magnetic Audiotape Antitrust Litigation,* 334 F.3d 204, 206 (2nd Cir. 2003). Jurisdiction in this Court may be grounded on either Sections 301 or 302 of the New York Civil Practice Laws and Rules ("C.P.L.R."), but "must also comport with constitutional due process requirements under

International Shoe Co. v. Washington, 326 U.S. 310 (1945)." *Freeplay Music, Inc. v. Cox Radion, Inc., et al.,* 04 Civ. 5238 (GEL) (S.D.N.Y. 6/22/2005),[1] *citing Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo,* S.R.L., 264 F.3d 32, 37 (2d Cir. 2001).

3. **Analysis Under C.P.L.R. § 301**

A defendant doing business in New York with "a fair measure of permanence and continuity" is subject to general jurisdiction under § 301.  *Landoil Resources Corp. v. Alexander Services, Inc.*, 918 F.2d 1039, 1043 ($2^d$ Cir. 1990); *accord, Mantello v. Hall,* 947 F.Supp. 92, 97 (S.D.N.Y. 1996).   Because American Buddha has never done business in New York, it is not subject to personal jurisdiction under § 301.  (Carreon Dec. ¶¶ 4 – 14; Hammond Dec. ¶ 6.)

4. **Analysis Under C.P.L.R. § 302**

Section 302, the New York "long-arm" statute, has three subparts, that require separate analysis.  The required constitutional analysis is properly subsumed in the statutory analysis, because there is no "separate framework for analyzing internet-based jurisdiction, and traditional statutory and constitutional principles remain the touchstone of the inquiry." *Freeplay, supra at 12, citing Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.,* 297 F.Supp. 2d 1154, 1160-61 (W.D. Wisc. 2004).

Subsection (a)(1) jurisdiction reaches defendants "transacting business" in New York, *i.e.*, those that purposefully avail themselves of "the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *Freeplay, supra at 9, quoting CutCo Indus. Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir. 1986). Because of the Internet's ubiquitous nature, a Florida website operator streaming allegedly infringing music on websites accessible in New York was not "transacting business" in New York under § 302(a)(1):

> "It stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website … capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred or was actively sought." *Freeplay, supra,* at 13.

---

[1] *Freeplay Music, Inc. v. Cox Radion, Inc., et al.,* 04 Civ. 5238 (GEL) (S.D.N.Y. 6/22/2005) is attached hereto as Exhibit 1.

Similarly, although www.naderlibrary.com is on the Internet in New York, American Buddha has neither sought nor transacted commercial activity in New York. (Carreon Dec. ¶¶ 9 - 14.)

Subsection (a)(2) of Section 301 authorizes jurisdiction over those who commit torts in New York. Even though virtually all websites are visible in New York, the statute does not subject every website operator to the jurisdiction of the state:

> "In copyright claims, § 302(a)(2) jurisdiction exists only when the allegedly infringing work is offered, displayed or sold in New York. [Citation omitted] It appears that Freeplay means to allege that because the infringing sound compositions were broadcast via Beasley websites, they were made available in New York such that jurisdiction under C.P.L.R. § 302(a)(2) is appropriate. However, '[a]lthough it is in the nature of the internet that the allegedly infringing [material] contained in these web sites can be viewed anywhere, this does not mean that the infringement occurred everywhere." *Freeplay, supra at 14, quoting Citigroup Inc. v. City Holding Co.,* 97 F.Supp. 2d 549, 564 (S.D.N.Y. 2000).

Subsection (a)(3) of Section 301 applies where a tort committed outside of New York causes injury in the state. As a matter of law, copyright infringement that occurs outside New York does not cause injury in New York. *See, Freeplay, supra* at 14, *citing Plunket v. Doyle,* No. 99 Civ. 11006 (KMW), 2001 WL 175252, at * 3 (S.D.N.Y. Feb 22, 2001). Naderlibrary.com is hosted in Oregon and Arizona. (Hammond Dec. ¶¶ 4 – 6.) Thus, assuming *arguendo* that its activity was infringing, it caused no injury in New York. *Freeplay, at id.*

## 5. Conclusion

Because American Buddha did not purposefully avail itself of the New York forum merely by publishing a website, the Court is respectfully requested to dismiss the action for lack of personal jurisdiction over the defendant.

Dated: March 9, 2009
Respectfully submitted:

Charles Carreon (California Bar # 127139)
Online Media Law, PLLC
(Admission Pro Hac Vice Pending)