UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
PENGUIN GROUP (USA) INC.,                                   :
                                                            :
                            Plaintiff,                      :
                                                            :      09 Civ. 528 (GEL)
        -v.-                                                :
                                                            :      **OPINION AND ORDER**
AMERICAN BUDDHA,                                            :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------x

Richard Dannay, Thomas Kjellberg, Cowan,
Liebowitz & Latman, P.C., New York, NY,
for plaintiff.

Charles Carreon, Online Media Law, PLLC,
Tuscon, AZ, for defendant.


GERARD E. LYNCH, District Judge:

      Plaintiff Penguin Group (USA) Inc. brings this action against defendant American Buddha for copyright infringement in several of plaintiff's publications. Defendant moves to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), contending that it has done nothing that would make it amenable to suit in New York. In response to defendant's motion, plaintiff discusses the merits of its copyright infringement claim, argues the relative lack of merit in defendant's anticipated defenses, and provides a guided tour through the mechanisms for notification and counter-notification under the Digital Millennium Copyright Act, leading to its conclusion that defendant "invited" this lawsuit. All of that, however, is irrelevant to the only issue presently before the Court: whether there is a basis for personal jurisdiction over

defendant.[1]  To this end, plaintiff argues that defendant is amenable to suit because its actions have injured plaintiff in New York.  Plaintiff's allegations in this regard fail, and defendant's motion to dismiss will be granted.

## BACKGROUND

Plaintiff Penguin Group (USA) is a Delaware corporation with its principal place of business in New York.  (Compl. ¶ 2.)  Plaintiff charges that defendant is infringing plaintiff's copyrights in four works – *Oil!* by Upton Sinclair; *It Can't Happen Here* by Sinclair Lewis; E.J. Kenney's new translation of *The Golden Ass* by Apuleius; and R.E. Latham's translation of *On the Nature of the Universe* by Lucretius[2] – by publishing complete copies of those works on defendant's website, www.naderlibrary.com.  (Compl. ¶¶ 9, 18, 21; Kjellberg Decl. ¶ 8.)  Although the complaint does not so allege, plaintiff asserts, in response to defendant's motion to dismiss, that this and other of defendant's websites "encourage and facilitate the downloading of unauthorized copies [of plaintiff's copyrighted works] by the general public," and informs visitors to the websites that such conduct is lawful.  (P. Mem. 1.)  Plaintiff, however, does not allege that defendant's activities have resulted in infringement of the copyrights in these works by anyone other than defendant, or even that such activity is likely.[3]

---

[1] Plaintiff also discusses various activities of Charles Carreon – who has been defendant's general counsel since its inception (3/9/09 Carreon Decl. ¶ 3) and represents defendant in this litigation.  Absent any allegation that Carreon is an alter ego of American Buddha, what Carreon does independent of defendant is irrelevant to whether this Court has jurisdiction over American Buddha.

[2] Although plaintiff's allegations in the complaint are limited to the first three works, facts beyond the pleadings may be considered for the purposes of a motion to dismiss for lack of personal jurisdiction.

[3] The only allegation in the complaint that anyone has actually viewed or downloaded any of these works from defendant's websites is that one of plaintiff's attorneys was able to do so.  (Kjellberg Decl. ¶ 8.)

Defendant American Buddha is an Oregon not-for-profit corporation. (Compl. ¶ 3; Carreon Decl. ¶ 2.) It conducts no activities in New York (3/9/09 Carreon Decl. ¶¶ 4-9, 12), although, of course, as is the nature of the internet, its website www.naderlibrary.com – which is hosted on servers in Arizona and Oregon (Hammond Decl. ¶ 5) – is accessible in New York. Beyond that, defendant's only connection to New York, as alleged by plaintiff, is the claimed injury caused to plaintiff.

## DISCUSSION

"On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Where, as here, the parties have not engaged in discovery, "a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction – i.e., by making a *prima facie* showing of jurisdiction." Jazini v. Nissan Motors Co., 148 F.3d 181, 184 (2d Cir. 1998). A district court has "considerable procedural leeway" in deciding Fed. R. Civ. P. 12(b)(2) motions. The court is not limited to the allegations contained in the complaint and may rely also on the parties' affidavits. Cyberscan Tech., Inc. v. Sema Ltd., 06 Civ. 526, 2006 WL 3690651, at *2 (S.D.N.Y. Dec. 13, 2006), quoting Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981). All allegations in the pleadings and affidavits must be construed in a light most favorable to plaintiff and all doubts resolved in its favor. PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); Andy Stroud, Inc. v. Brown, No. 08 Civ. 8246, 2009 WL 539863, at *3 (S.D.N.Y. Mar. 4, 2009).

"In a federal question case involving a statute such as the Copyright Act that does not have its own jurisdictional rules, a federal court applies the personal jurisdiction rules of the

forum state, here, New York." Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp., No. 04 Civ. 5002, 2005 WL 357125, at *1 (S.D.N.Y. Feb. 14, 2005); accord, Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000). Federal law enters the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes constitutional due process guarantees. Cyberscan Tech., 2006 WL 3690651, at *1.

Plaintiff claims that this Court has jurisdiction over defendant under the provision of New York's long-arm statute covering tortious acts performed outside New York that cause "injury to person or property within the state," provided that the defendant "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. 302(a)(3)(ii). The injury necessary to provide the basis for personal jurisdiction under this provision must be directly caused by the alleged tortious activity; remote or consequential injuries are insufficient. Lehigh Valley Indus. v. Birenbaum, 527 F.2d 87, 94 (2d Cir. 1976); Art Leather Mfg. Co., Inc. v. Albumx Corp., 888 F. Supp. 565, 567 (S.D.N.Y. 1995). "Courts determining whether there is injury in New York sufficient to warrant [Rule] 302(a)(3) jurisdiction must generally apply a 'situs-of-injury' test, . . . locat[ing] the 'original event which caused the injury.'" DiStefano v. Carozzi, Inc., 286 F.3d 81, 84 (2d Cir. 2001), quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 791 (2d Cir. 1999). "[T]he 'original event' occurs where the first effect of the tort . . . is located" and is "generally distinguished not only from the initial tort but from the final economic injury and the felt consequences of the tort." Id., quoting Bank Brussels Lambert, 171 F.3d at 792. Although the original event is distinct from the initial tort, in the case of commercial torts the original event "will usually be located where the critical events associated with the dispute took place," Freeplay Music, Inc. v. Cox Radio, Inc., No. 04 Civ. 5238, 2005

WL 1500896, at *8 (S.D.N.Y. June 23, 2005), and in cases of injury caused by infringement of intellectual property, the intellectual property owner suffers injury where the infringement occurs, see Tri-Costal Design Group, Inc. v. Merestone Merch., Inc., No. 05 Civ. 10633, 2006 WL 1167864, at *4 (S.D.N.Y. May 3, 2006); Art Leather Mfg., 888 F. Supp. at 568 ("A patent holder suffers economic loss at the place where an infringing sale is made because the holder loses business there.").

Plaintiff does not allege that any infringement occurred in New York.[4]  Rather, its theory of jurisdiction is that because it is based in New York, infringement occurring anywhere in the world necessarily injures plaintiff in New York.  (P. Mem. 7-8.)  That position is unsustainable. New York has long held that

> the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there.

Fantis Foods, Inc. v. Standard Importing Co., Inc., 49 N.Y.2d 317, 326 (1980); see also Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990); Am. White Cross Labs., Inc. v. H.M. Cote, Inc., 556 F. Supp. 753, 758-59 (S.D.N.Y. 1983).

Although some cases within this district have endorsed plaintiff's position in the context of an intellectual property dispute, see Andy Stroud, Inc., 2009 WL 539863, at *6 (noting

---

[4] As noted above, plaintiff alleges infringement only by defendant; in asserting jurisdiction over defendant only under C.P.L.R. 302(a)(3) – which provides jurisdiction over out-of-state torts – and not under C.P.L.R. 302(a)(2) – which provides jurisdiction over torts committed inside New York – plaintiff appears to recognize that "in the case of web sites displaying infringing material the tort is deemed to be committed where the web site is created and/or maintained." Freeplay Music, 2005 WL 1500896, at *7 (internal punctuation omitted).

5

significant disagreement within this district regarding the situs of injury in intellectual property cases, with some cases finding "that the torts of copyright infringement and trademark infringement cause injury in the state where the allegedly infringed intellectual property is held"), such decisions are at odds with the well-established principle requiring a direct injury in New York to support jurisdiction.  Accordingly, in the absence of binding authority to the contrary,[5] this Court finds more compelling the reasoning of the competing line of cases holding that "the mere fact that the [copyright owner] resides in New York and therefore ultimately experiences a financial loss there is not a sufficient basis for jurisdiction."  Andy Stroud, Inc., 2009 WL 539863, at *6 (citing cases).

It has been said that in seeking to determine the place of the direct injury resulting from a commercial tort

> there are three possibilities worth considering: (1) any place where plaintiff does business; (2) the principal place of business of the plaintiff; and (3) the place where plaintiff lost business.  For purposes of a jurisdictional statute such as New York's, the first can be rejected almost out of hand; the second has slight merit, and the third seems most apt.  Where the plaintiff is a large national corporation, permitting it to sue in any of the fifty states in which it does business would obviously be unfair to the defendant.  The main place of business of the plaintiff would have no predicable relationship with the tortious activities of the defendant.  The place where plaintiff lost business would normally be a forum reasonably foreseeable by a tortfeasor and it would usually be the

---

[5]  Plaintiff claims that Sybron Corp. v. Wetzel, 46 N.Y.2d 197 (1978), stands for the proposition that "a New York-based intellectual property owner is injured in New York by defendant's out-of-state acts of unfair competition and misappropriation of trade secrets." (P. Mem. 7.)  To the contrary, "critical" to the finding of jurisdiction in Sybron was that "the economic injury plaintiff [sought] to avert stem[med] from the threatened loss of important New York customers." 46 N.Y.2d at 205.  See also Fantis Foods, 49 N.Y.2d at 326 n.3 (explaining that jurisdiction in Sybron was supported by the finding that defendant "had actively solicited and obtained orders in New York from plaintiff's prior 'major customers'" (quoting Sybron, 46 N.Y.2d at 205-06)).

      place where the critical events associated with the dispute took place.

Am. Eutectic Welding Alloys Sales Co., Inc. v. Dytron Alloys Corp., 439 F.2d 428, 433 (2d Cir. 1971), quoting Spectacular Promotions, Inc. v. Radio Station WING, 272 F. Supp. 734, 737 (E.D.N.Y. 1967). In rejecting jurisdiction based on plaintiff's primary place of business, Am. Eutectic Welding continued: "Of course, there is no question that plaintiffs suffered some harm in New York in the sense that any sale lost anywhere in the United States affects their profits. But that sort of derivative commercial injury in the state is only the result of plaintiffs' domicile here." Id.

    Although these observations were made in the context of an unfair competition claim, the relevant principles are no different in copyright cases. In both contexts, purely derivative economic injury such as that plaintiff alleges here is an insufficient jurisdictional predicate. Just as in Freeplay Music – which involved a copyright claim – since plaintiff has not alleged that any infringement took place in New York and asserts "only economic loss as a result of the alleged unlicensed use of [its] copyrighted material," claimed to occur here only because plaintiff is based in and conducts business in New York, jurisdiction under C.P.L.R. 302(a)(3) is not justified, because "[a]ny economic loss suffered . . . is only a consequence of the injurious unlicensed use and is not the injury itself." 2005 WL 1500896, at *8.

    While both parties emphasize that the alleged infringement occurred via defendant's website, this fact is inconsequential to the above analysis. Although the advent of the internet – and the resulting ubiquitousness of material posted on a website displayed over the internet – has no doubt added additional layers of depth to personal jurisdiction jurisprudence, see Best Van Lines v. Walker, 490 F.3d 239, 251-52 (2d Cir. 2007), it plays no role in determining the situs of

plaintiff's alleged injury. Plaintiff's theory of jurisdiction over defendant is wholly independent of the mechanism of infringement; it applies equally whether it is of the more traditional non-digital type – for example, if defendant had made an unauthorized photocopy of a copyrighted book in Oregon or Arizona – or occurs through the posting of the work on the internet. Where the alleged infringement is of the former type, it is easier to see why it seems odd to say that defendant has been injured in New York and force defendant to defend itself here, absent some compelling circumstances. That the alleged infringement is of the latter type – and thus may be accessible in New York – makes it tempting to think that perhaps plaintiff has been injured in New York. However, while the electronic nature of the alleged infringement may make it possible for others acting in New York to infringe plaintiff's copyrights here, plaintiff has not alleged such a New York infringement, and bases its claim of injury solely on the economic effect of an injury inflicted by defendant elsewhere.

As this issue is dispositive, it is not necessary to explore whether plaintiff has met its burden on the other elements necessary to establish jurisdiction under Rule 302(a)(3)(ii), or whether the exercise of jurisdiction would comport with due process.

## CONCLUSION

Defendant's motion to dismiss for lack of personal jurisdiction (Doc. #7) is granted.

SO ORDERED.

Dated: New York, New York
April 21, 2009

_____
GERARD E. LYNCH
United States District Judge