Charles Carreon (Cal. Bar # 127139)
ONLINE MEDIA LAW, PLLC
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Fax: 520-843-2083
Email: chas@charlescarreon.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PENGUIN GROUP (USA) INC.,

    Plaintiff,

-against-                                          Case No. 09 CIV 00528 JGK

AMERICAN BUDDHA,

    Defendant.

**DEFENDANT AMERICAN BUDDHA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1. **Penguin Has Failed To Carry Its Burden Under C.P.L.R. § 302(a)(3)(ii)**

    Penguin has failed to confront the essential fact that American Buddha has no revenue from any source, and specifically no revenue from interstate commerce or international commerce, and thus cannot be subject to New York's Longarm jurisdiction under the terms of Section 302(a)(3(ii).  Nor has it shown that it would comport with traditional notions of fair play and substantial justice to hale American Buddha into this distant forum where it had no cause to anticipate being summoned based upon its conduct.  Penguin has not carried its burden in response to this motion, and the action must be dismissed.

2. **American Buddha Objects To The Contents of the Kjellberg Declaration And Its Exhibits As Irrelevant Information, Inadmissible Under The Law of The Case Doctrine And Under F.R.E. Rules 402 and 403**

    In Judge Lynch's April 24, 2009 Opinion and Order granting American Buddha's first motion to dismiss for lack of personal jurisdiction, the District Court found all of Penguin's proposed evidence to be superfluous:

> "In response to defendant's motion, plaintiff discusses the merits of its copyright infringement claim, argues the relative lack of merit in defendant's anticipated defenses, and provides a guided tour through the mechanisms for notification and counter-notification under the Digital Millennium Copyright Act, leading to its conclusion that defendant 'invited' this lawsuit. *All of that, however, is irrelevant to the only issue presently before the Court: whether there is a basis for jurisdiction over defendant*."

(A-201, Opinion and Order, p. 1, Docket # 17, emphasis added.)

A comparison of the August 12, 2011 Kjellberg Declaration (Docket # 36) with the March 20, 2009 Kjellberg Declaration (Docket # 14) shows that Penguin has submitted essentially the same mass of irrelevant material in an effort to load the Court down with irrelevant information. The same issues are raised in its brief, for that matter, complete with the "guided tour" of the operation of the DMCA, and nearly a hundred pages of exhibits focussing on the self-publishing efforts of American Buddha's counsel.

Judge Lynch's ruling, that was essentially made *sua sponte*, is now the law of the case. Penguin did not cross-appeal from Judge Lynch's ruling, and thus any argument that it was erroneous has been waived. *Norton v. Sams Club,* 145 F.3d 114, 117 (2nd Cir. 1998). Because Penguin acquiesced to the correctness of Judge Lynch's evidentiary ruling, the Second Circuit impliedly affirmed the ruling. "When an appellate court has once decided an issue, the trial court, at a later stage of the litigation is under a duty to follow the appellate court's ruling on that issue. *Doe v. New York City Dept. of Social Services,* 709 F.2d 782, 788 (2nd Cir. 1983). This Court should adhere to Judge Lynch's prior ruling, and disregard the materials presented in the current iteration of the Kjellberg Declaration.

In addition to invoking the law of the case doctrine, American Buddha expressly objects to the admissibility of paragraphs 1 – 32 of the Kjellberg Declaration, and Exhibits 1 – 28. *See,* Advisory Committee Note, F.R.E. § 401. "Once the rules of pleading and procedure have determined the material facts in a case, the concept of relevance can be applied to limit evidence that is admissible to prove those facts." Wright and Graham, Federal Practice and Procedure: Evidence § 5126, at 15. Under Rule 402, "Evidence which is not relevant is not admissible." Under Rule 403, "relevant evidence may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues … or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In *Arlio v. Lively,* 474 F.3d 46 (2nd Cir. 2007), the Second Circuit reversed a trial judgment where irrelevant evidence was admitted:

> "To open the doors of relevance so wide as to allow a plaintiff to recite facts concerning claims he is not making or damages he is not seeking would violate the spirit of the Federal Rules and "hamper rather than advance the search for truth."
>
> *Arlio v. Lively,* 474 F.3d at 52-53, quoting 2 Weinstein & Berger, Weinstein's Federal Evidence § 402.02[3], at 402-15.

The issues before the Court are, essentially: (1) whether American Buddha has any revenue from interstate or international commerce, and (2) whether the imposition of Longarm jurisdiction over American Buddha would comport with fair play and substantial justice.

a. Paragraphs 1 – 14 of the Kjellberg Declaration serve only to identify irrelevant documents and hearsay submissions, as set forth below, and thus are inadmissible under Rule 402.

b. Exhibits 1 – 8 are items of correspondence relating to the DMCA process, which are irrelevant to the jurisdictional issues, and should be excluded for lack of relevance under Rule 402.

c. Exhibit 9 is an article from the New York Times about digital piracy. It has no connection to the jurisdictional issues presented, and should be excluded for lack of relevance under Rule 402. Further, it is hearsay not within any exception, and inadmissible under Rule 802.

d. Exhibit 11 is a page from Wikipedia, that is also hearsay not within any exception, inadmissible under Rule 802.

e. Exhibit 12 is an image of the cover of a book self-published by American Buddha's counsel, that has nothing to do with the jurisdictional issues, and should be excluded for lack of relevance under Rule 402. As the Supplemental Declaration of Tara Carreon explains at ¶¶ 8 -12, American Buddha is not a publisher, derives no revenue from publishing, and has no knowledge of the publishing of this book; accordingly, Exhibit 12 is irrelevant and should be excluded under Rule 402.

**f.** Exhibit 13 is a purchase receipt for a copy of a digital copy of the same book referenced in Exhibit 12.  As the Supplemental Declaration of Tara Carreon explains at ¶¶ 8 -12, American Buddha is not a publisher, derives no revenue from publishing, and has no knowledge of the publishing of this book; accordingly, Exhibit 13 is irrelevant and should be excluded under Rule 402.

**g.** Paragraph 15 of the Kjellberg Declaration states only that counsel for Penguin "downloaded" complete copies of the "four literary works at issue in this action."  This fact is irrelevant to the jurisdictional issues, because the conduct of adverse counsel cannot create jurisdictional contacts, accordingly it should be excluded under Rule 402.  The statement that Kjellberg downloaded books is also untrue and unreliable, because as averred in the first Declaration of Tara Carreon, the books at issue in this case are not available in "downloadable" format, and merely display in a passive form, as HTML webpages that can at most be "copied and pasted" to create a digital file.

**h.** Paragraph 17 is a statement without foundation in personal knowledge, and a lay opinion beyond the scope of lay knowledge:  "Free unauthorized copies of copyrighted books compete directly with lawful electronic copies offered for sale by the copyright owner."  Accordingly, it is inadmissible under Rule 602, because "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  It is also inadmissible under Rule 702, because Mr. Kjellberg's statement is not "based on sufficient facts or data," nor is it the "product of reliable principles or methods," nor is there any evidence that Mr. Kjellberg "has applied the principles and methods reliable to the facts of the case."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597 (1993).

**i.** Paragraphs 17 – 18  purport authenticate Exhibits 16 – 17 showing images of an iPod and an iPad displaying books under Penguin's imprint.  The fact that Penguin publishes on mobile platforms is irrelevant to the jurisdictional issues and should be excluded under Rule 402.  They are also an attempt to confuse the Court and waste time, and thus excludable under Rule 403.

 **j.** Paragraphs 19 – 22 purport to authenticate files created by Mr. Kjellberg by digitally manipulating pages from the American-Buddha.com website.  These images are mere creations by Penguin's counsel, illustrative of nothing relevant to the jurisdictional issues, and should be excluded under Rule 402.  They are also an attempt to confuse the Court and waste time, and thus excludable under Rule 403.

 **k.** Paragraph 21 quotes Wikipedia for irrelevant information and hearsay that lacks foundation and encompasses issues involving at best, expert knowledge, and should thus be excluded under Rules 402, 602, 702, and 802.

 **l.** Paragraph 23, where Mr. Kjellberg says that America Buddha is a publisher is in error (Carreon Dec. ¶¶ 8 and 10).  His statement lacks foundation and is excludable under Rule 602.  Exhibit 22 from the Amazon website offered for the truth of the matter is hearsay, not within any exception, and is therefore excludable under Rule 802.

 **m.** Paragraphs 24 – 28 and Exhibits 23 – 25 are irrelevant and excludable under Rule 402, because they only summarize and present information from the Amazon website showcasing the authorial abilities primarily of American Buddha's counsel.  Where Mr. Kjellberg says that America Buddha is a publisher, he is in error (Carreon Dec. ¶¶ 8 and 10), and his statement lacks foundation and is therefore excludable under Rule 602.  Exhibits from the Amazon website offered for the truth of the matter are hearsay, not within any exception, and therefore excludable under Rule 802.

 **n.** Paragraphs 29 and 30 are irrelevant and excludable under Rule 402.

  In what is a complete rebuttal of Penguin's arguments based on the Kjellberg Declaration, American Buddha's sole director has averred that American Buddha is not a publisher, that she does not know how to publish on the digital Kindle platform, and that she has never seen any of the works on the Kindle platform that the Kjellberg Declaration presents in its exhibits.  (Supplemental Declaration of Tara Carreon ¶p 8 - 11.)  She has likewise averred that she is sole person responsible for the activities of American Buddha, that her counsel has no role in controlling its activities, and that he has not been an officer of the company for over nine years.  (Supplemental Declaration of Tara Carreon ¶ 12.)

### 3. Penguin's Request for Jurisdictional Discovery Must Be Denied

Any attempt to obtain additional information from American Buddha would be futile. There is simply no information relevant to jurisdictional issues to obtain. (Supp. Carreon Dec. ¶ 14.)

### 4. Conclusion

Defendant American Buddha lacks minimum contacts with the forum. Accordingly, personal jurisdiction is lacking, and the Court is respectfully requested to dismiss the action on that ground.

Dated: August 26, 2011

Respectfully submitted:

s/Charles Carreon
Charles Carreon (Cal. Bar # 127139)
Online Media Law, PLLC
Admitted *Pro Hac Vice*