UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

PENGUIN GROUP (USA) INC.,

               Plaintiff,

    -against-

AMERICAN BUDDHA,

               Defendant.

------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ___6/13/12___

No. 09cv528 (JGK)
**CONFIDENTIALITY
STIPULATION; ORDER
THEREON**

WHEREAS, third party witness Online Media Law, LLC, aka Online Media Law, PLLC (the "Witness") has accepted service of a document subpoena (the "subpoena"), a true copy of which is attached hereto as Exhibit "A," propounded by Plaintiff Penguin Group (USA), Inc. ("Penguin");

WHEREAS, the Witness has documents in its custody and control responsive to the subpoena;

WHEREAS, some or all of the documents requested by the subpoena are of a confidential nature as further specified below;

THEREFORE, IT IS HEREBY STIPULATED:

1.    This stipulated Protective Order (the "Protective Order") shall govern the designation and handling of confidential documents and information produced in discovery in this lawsuit by the Witness.

2.    The Witness may designate material produced as "confidential" pursuant to this Protective Order. The following material may be designated as confidential: material which the Witness believes, in good faith, contains financial records, proprietary business information, trade secrets information subject to a legally protected right of privacy, or confidential research, development, financial or personal information. The fact that any document or information or has been, is, or will be disclosed, used or produced in discovery in any proceeding before any

court, agency or tribunal shall not bear upon the issue of whether or not such document or information is confidential or proprietary.

3.      Documents or things shall be designated as "confidential" by stamping them "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in a size and location which makes the designation readily apparent. A "confidential" designation shall be affixed to any documents produced in the course of this litigation, including portions of briefs, memoranda, or any other writings filed with the Court, which mention, discuss or comment upon any confidential material. With respect to documents produced for inspection, the designation may be affixed either prior to inspection or added when actually copied for production or exchange, provided that in either event the designation should be affixed in a manner which does not affect the legibility of the document. Any information or data that is not reduced to documentary, tangible, or physical form, or that is otherwise not readily designated as confidential pursuant to the preceding two sentences, may be designated as confidential by informing counsel for the parties that it is confidential.

4.      Confidential material shall be utilized in the following manner:

   a.   Confidential material filed with the Court for any purpose may be filed in a sealed envelope or other container, marked on the outside with the caption of this action and the following statement: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If any person fails to file protected documents or information under seal, the Witness may request that the Court place the filing under seal.

   b.   The sealed envelope or other container containing the confidential material shall not be opened except for in camera inspection or pursuant to a Court order or the parties' stipulation. Subject to the Court's convenience and needs, the envelope or other container shall be kept under seal by the clerk until further Court order.

   c.   If any document or information designated as "confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter for the deposition shall mark the deposition

2

transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 3 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

d.  Any party or deponent wishing to designate as "confidential" pursuant to the terms set forth in paragraph 2 above any deposition testimony or documents submitted as exhibits to a deposition may do so on the record during the deposition, or within fifteen (15) days after receipt of the deposition transcript and exhibits, by providing written notice of the designation to the parties and any other affected person. If the designation is made on the record at the deposition, the person making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as "confidential" are marked by the reporter in the manner described herein. If the designation is made by notice after receipt of the transcript or exhibits, any party receiving notice of the designation shall stamp as "confidential" the designated portions of any copies of the transcript or exhibits in its possession, and shall take all reasonable steps to assure that transcripts copied but no longer in the possession of said party are likewise appropriately stamped.

e.  Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions, provided that the party desiring to use the material ("the disclosing party") gives the Witness advance notice at such time as the disclosing party determines that it will use, or is substantially likely to use, such material in open court. Any party or designating person desiring that hearings be held in camera, or that the trial or any portion of it be closed to the public, or that a person be excluded from a hearing or any portion of it, must make a separate motion therefor.

5.      Unless and until otherwise ordered by the Court or agreed to in writing by the Witness, all material designated "confidential" shall be treated as confidential and shall not be disclosed except under the terms of this Protective Order.

6.      In the event that any party objects to the designation of any document as "confidential" such party  shall specifically identify the document at issue and the material may be submitted to the Court for an *in camera* inspection.

7.      All confidential information shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order and shall be disclosed only to persons described in paragraph 9 in connection with this litigation only.

8.      Confidential material may be delivered, exhibited or disclosed to counsel representing the named parties in this case, and to any support staff assisting such counsel in the prosecution or defense of this litigation (collectively referred to as a party's "legal team").  Counsel who receives any confidential material shall be bound by this Protective Order and be responsible for (1) informing other members of his or her legal team of their obligations under this Protective Order and (2) assuring that access to the confidential material is limited in accordance with this Protective Order.

9.      Confidential material may also be delivered, exhibited or disclosed to the following persons:

a.   The Court, *and Court personnel*

b.   Any party to the litigation that stipulates by written addendum, to the terms of this Protective Order.

c.   Any party's legal team, that shall include the party's attorneys, paralegals, secretaries, and other support personnel, who shall be made subject to the Protective Order and so admonished.

d.   Any expert or consultant interviewed for retention and/or retained by counsel to assist in the preparation of this case or to testify at trial or any other proceeding in this action, who shall be made subject to the Protective Order and so admonished.

e.   Any person testifying at a deposition, hearing or trial of this action, who shall be made subject to the Protective Order and so admonished.

4

      f.   Any court reporter employed in this litigation and acting in that capacity shall be made subject to the Protective Order and take all necessary precautions to adhere to its requirements.

10.    This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

11.    If at any time any document or information designated as "confidential" and governed by this Protective Order is subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall immediately give written notice thereof to any person who has designated such information as "confidential." After receipt of the notice specified under this paragraph, the person seeking to maintain the "confidential" designation shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designated "confidential." Unless a court orders otherwise, the person to whom the subpoena is directed shall object thereto and accordingly not produce any confidential information until the person seeking to maintain confidentiality has had an opportunity to seek an appropriate order. If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production. The person to whom the subpoena is directed shall not produce any material designated as confidential while a motion for protective order brought pursuant to this paragraph is pending, or while any appeal from such motion is pending, unless ordered by a court to do so.

12.     Nothing in this Protective Order shall be construed to prohibit the Witness from seeking relief from any inadvertent or unintentional disclosure of confidential, trade secret, privileged and/or work product information.

13.     At the conclusion of this action, including any appeals, all materials designated as confidential and all copies, extracts, summaries or notes thereof shall be returned to the Witness or shall be destroyed.  Counsel or other affected persons shall provide the Witness written confirmation of destruction within sixty (60) days of the final conclusion of this action.  This provision shall not apply to file copies of pleadings and briefs maintained by the parties' counsel in their respective litigation files maintained in the ordinary course of business.

14.     Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person shall promptly (a) identify the recipient(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.  No information shall lose its confidential status because disclosed to a person not authorized to receive it under this Protective Order.

15.     The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

IT IS SO STIPULATED, this 8th day of June, 2012.

COWAN, LIEBOWITZ & LATMAN, P.C.     ONLINE MEDIA LAW, PLLC


By: s/Thomas Kjellberg                              By: s/Charles Carreon
    Thomas Kjellberg                                    Charles Carreon
    (txk@cll.com)                                       (chas@charlescarreon.com)

1133 Avenue of the Americas                         2165 South Avenida Planeta
New York, N.Y. 10036-6799                           Tucson, Arizona 85710
(212) 790-9200                                      (520) 841-0835

Attorneys for Plaintiff                             Witness

*[handwritten:] This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. So ordered. [signature] 6/12/12 U.S.D.J.*

6

SO ORDERED:

_____
Hon. John G. Koeltl, U.S.D.J.

# Attachment "A"

Attachment "A"

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| Penguin Group (USA) Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09 Civ. 528 (JGK) |
| American Buddha | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Online Media Law, LLC, by Charles Carreon, its designee

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

       Please see Attachment A

| Place: Eaton, Green & Williams Inc.<br>549 N. 6th Avenue<br>Tucson, AZ 85705 | Date and Time:<br><br>    05/18/2012 9:00 am |
|---|---|

The deposition will be recorded by this method:   _stenographic and videographic (Skype) means_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

       Please see Attachment B

       The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _05/07/2012_

       *CLERK OF COURT*

                              OR

_____       _____
    *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Penguin Group (USA) Inc. _____, who issues or requests this subpoena, are:

Thomas Kjellberg (txk@cll.com), COWAN, LIEBOWITZ & LATMAN, P.C., 1133 Avenue of the Americas, New York, New York 10036-6799; (212) 790-9200

Attachment "A"

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   09 Civ. 528 (JGK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____78.94_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                               *Server's signature*

                                      _____
                                               *Printed name and title*

                                      _____
                                               *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment "A"

### *Penguin Group (USA) Inc. v. American Buddha*
### Case No. 09-cv-528 (S.D.N.Y.)

### ATTACHMENT A

### TOPICS ON WHICH EXAMINATION IS REQUESTED

1.    The business relationship between Online Media Law, LLC or Online Media

Law, PLLC ("OML") and American Buddha.

2.    Revenue received by OML related to American Buddha.

3.    OML's publishing activities.

4.    Publication and distribution of the following titles (the "Books"):

(i)    *What Is Buddhism?* (American Buddha Philosophy)
       Authors:  Charles Carreon and Tara Carreon
       Amazon Standard Identification Number: B0013L81AG

(ii)   *Another View On Whether Tibetan Buddhism Is Working* In *The West*
       Author:  Tara Carreon
       Amazon Standard Identification Number:  B002FQK4PS

(iii)  *TIDS - Tantra-Induced Delusional Syndrome* (A White-Hat Lawyer Investigative
       Report)
       Author:  Charles Carreon
       Amazon Standard Identification Number: B002D48OEK

(iv)   *Born In Tibet, Again: The Exile of the 12th Trungpa Tulku* (American Buddha
       Biographies)
       Author:  Charles Carreon
       Amazon Standard Identification Number: B0013ERAAA

(v)    *The Dalai Lamas - Prisoners of the Potala* (A White-Hat Lawyer Investigative
       Report)
       Author: Charles Carreon
       Amazon Standard Identification Number: B002EQAT0Y

(vi)   *Killer Krishnas From Inner Space* (A White-Hat Lawyer Investigative Report)
       Author: Charles Carreon
       Amazon Standard Identification Number: B002EQ9ZVS

(vii)  *A Legend In His Own Mind – Michael Ruppert Soldiers On* (American Buddha
       Biographies)
       Author:  Charles Carreon

# Attachment "A"

Amazon Standard Identification Number: B0013ES44G

(viii) *Jack Abramoff's House of Cards* (American Buddha Biographies)
Author:  Charles Carreon
Amazon Standard Identification Number: B0013E08HI

(ix) *No Good Deed Will Go Unpunished – The Mike Bianca Story* (American Buddha Biographies)
Author:  Charles Carreon
Amazon Standard Identification Number: B0013ES6BW

(x) *Lucretius, Sage of The First Millennium* (American Buddha Biographies)
Author:  Charles Carreon
Amazon Standard Identification Number: B0013EURSM

(xi) *The Terrorist Who Loved Me – The Betrayal of Pete Seda* (American Buddha Biographies)
Author:  Charles Carreon
Amazon Standard Identification Number: B0013EXTRI

(xii) *The INSLAW Affair: Investigative Report by The Committee on The Judiciary Together With Dissenting and Separate Views*
Author:  102nd Congress House Judiciary Committee
Amazon Standard Identification Number: B0036FTZIY

(xiii) *The Revolution Will Not Be Capitalized: Che Guevara*
Author: Charles Carreon
Amazon Standard Identification Number: B0013ENSJC

(xiv) *Trail of the Octopus: From Beirut to Lockerbie - Inside the DIA*
Author:  Lester K. Coleman
Contributor:  Donald Goddard
Amazon Standard Identification Number: B001PTH6Y8

(xv) *The Sex.Com Chronicles: A White-Hat Lawyer's Journey to the Dark Side of the Internet*
Author:  Charles Carreon
ISBN-10: 1439201013

5. Revenue received by OML and/or American Buddha related to the Books.

6. Preparation of the descriptions or summaries of the Books as displayed on

Amazon.com, as shown on, *inter alia*, the documents produced by Amazon.com, Inc. in response

to the third-party subpoena served by plaintiff on Amazon.com, Inc. on February 21, 2012,

which documents were forwarded to counsel for defendant American Buddha on April 24, 2012.

## Attachment "A"

7.     Revenue received by OML from Amazon.com, Inc.

8.     Revenue received by OML from 1 Prime Publishing.

9.     Revenue received by OML from BookSurge Publishing.

10.    OML's activities concerning the Kindle Digital Publishing platform.

11.    OML's CreateSpace Member Dashboard.

12.    Sales of *The Sex.Com Chronicles* and *Trail of the Octopus*.

## Attachment "A"

Author: Charles Carreon
Amazon Standard Identification Number: B002EQAT0Y

(xxi) *Killer Krishnas From Inner Space* (A White-Hat Lawyer Investigative Report)
Author: Charles Carreon
Amazon Standard Identification Number: B002EQ9ZVS

(xxii) *A Legend In His Own Mind – Michael Ruppert Soldiers On* (American Buddha Biographies)
Author: Charles Carreon
Amazon Standard Identification Number: B0013ES44G

(xxiii) *Jack Abramoff's House of Cards* (American Buddha Biographies)
Author: Charles Carreon
Amazon Standard Identification Number: B0013E08HI

(xxiv) *No Good Deed Will Go Unpunished – The Mike Bianca Story* (American Buddha Biographies)
Author: Charles Carreon
Amazon Standard Identification Number: B0013ES6BW

(xxv) *Lucretius, Sage of The First Millennium* (American Buddha Biographies)
Author: Charles Carreon
Amazon Standard Identification Number: B0013EURSM

(xxvi) *The Terrorist Who Loved Me – The Betrayal of Pete Seda* (American Buddha Biographies)
Author: Charles Carreon
Amazon Standard Identification Number: B0013EXTRI

(xxvii) *The INSLAW Affair: Investigative Report by The Committee on The Judiciary Together With Dissenting and Separate Views*
Author: 102nd Congress House Judiciary Committee
Amazon Standard Identification Number: B0036FTZIY

(xxviii)*The Revolution Will Not Be Capitalized: Che Guevara*
Author: Charles Carreon
Amazon Standard Identification Number: B0013ENSJC

(xxix) *Trail of the Octopus: From Beirut to Lockerbie - Inside the DIA*
Author: Lester K. Coleman
Contributor: Donald Goddard
Amazon Standard Identification Number: B001PTH6Y8

(xxx) *The Sex.Com Chronicles: A White-Hat Lawyer's Journey to the Dark Side of the Internet*
Author: Charles Carreon
ISBN-10: 1439201013

- 2 -

## Attachment "A"

F.      If any document called for is withheld in whole or in part by reason of a claim of

attorney-client privilege or any other claim of immunity from discovery, then, at the time the

document is to be produced, OML will furnish a privilege log in accordance with Federal Rule of

Civil Procedure 26(b)(5).

### DOCUMENTS TO BE PRODUCED

1.      All documents concerning the publication and distribution of the Books.

2.      All documents concerning revenue received by OML related to each of the

Books.

3.      All documents concerning revenue received by OML related to publishing.

4.      All documents concerning revenue received by OML related to American

Buddha.

5.      All IRS 1099's received by OML from Amazon.com.

6.      All documents concerning the documents produced by Amazon.com, Inc. in

response to the third-party subpoena served by plaintiff on Amazon.com, Inc. on February 21,

2012, which documents were forwarded to counsel for defendant American Buddha on April 16,

2012 and April 24, 2012.

7.      All documents concerning both OML and 1 Prime Publishing.

8.      All documents concerning both OML and BookSurge Publishing.

9.      All documents concerning a screencapture of OML's KDP "Bookshelf" as it now

appears on the Internet.

10.     All documents concerning a screencapture of the information displayed for each

Book as presently stored in OML's KDP Bookshelf in PDF format.

11.     All documents concerning KDP Transaction Reports currently available in

- 3 -

## Attachment "A"

OML's KDP account, recording sales of the Books and revenue received by OML from sales of the Books through KDP by Amazon.com in Excel format.

      12.      All documents concerning screencaptures of OML's CreateSpace Member Dashboard.

      13.      Screencaptures of the Payment History from the OML CreateSpace Reports for sales of paper copies of *The Sex.Com Chronicles* and *Trail of the Octopus*.

- 4 -