Charles Carreon (Cal. Bar # 127139)
Admitted *Pro Hac Vice*
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Fax: 520-843-2083
Email: chas@charlescarreon.com
Attorney for Defendant American Buddha

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PENGUIN GROUP (USA) INC.,

           Plaintiff,

    -against-

AMERICAN BUDDHA,

           Defendant.

Case No. 09 CIV 00528 JGK

## DECLARATION OF CHARLES CARREON

Charles Carreon hereby declares:

1.  I am an attorney licensed to practice before all courts in the State of California and Oregon, and state the matters herein of personal knowledge.  If called as a witness, I could and would so competently testify.

2.  I am the sole owner and Manager of an Oregon limited liability company named Online Media Law, LLC, that also bears the registered Oregon assumed business name of Online Media Law, PLLC.  Herein and in the related brief, it is referred to as "OML."

3.  Attached hereto as **Exhibit 1** is the Transcript of the hearing held before Judge John G. Koeltl in this matter on January 24, 2012.

4.  Attached hereto as **Exhibit 2** is a true copy of the subpoena that Penguin issued to Amazon, Inc. in this matter.  Penguin's counsel forwarded the documents produced by Amazon to me.  Those documents produced no evidence of any payments from Amazon to American Buddha.

5.  Attached hereto jointly as **Exhibit 3** are all of the IRS 1099 Misc. forms that OML, received from Amazon, Inc. for royalties paid from sales of all of the electronic books sold through the Amazon Kindle Digital Publishing platform ("KDP") and all of the paperbacks sold through Amazon's publish-on-demand subsidiary, originally called "BookSurge," and now known as "CreateSpace."  These books are referred to herein and in the related brief, as the "Fifteen Titles."

6.  The total revenue from the Fifteen Titles as recorded on the 1099s has not been substantial.  OML's gross income declared to the IRS was $149,573 in 2010, and $235,758 in 2011.  Relative to the gross revenues of OML from non-publishing activities, OML's Amazon royalties are miniscule.  Further, all publishing activity of OML has been conducted at a net loss, as further discussed *infra* at ¶ 11.

7.  Attached hereto as **Exhibit 4** is a "screencapture" of the KDP "Bookshelf" for OML, accessible over the Internet, that I, in my capacity as manager of OML, used to "publish" the Fifteen Titles on the Amazon Kindle device.  Consistent with my statement to Judge Koeltl at oral argument, I repeatedly testified at the deposition of OML that OML was the "publisher" referred to in the KDP publishing agreement, and that OML's designation of American Buddha as "publisher" of some of the Fifteen Titles was merely a respectful acknowledgement that some of the titles had already been published online at American-Buddha.com, and was not indicative of any payment of money to American Buddha, because no such payment was ever made.  Excerpts of the transcript of that testimony are attached as **Exhibit 5**, highlighted to identify places where I testified as to this and related issues.

8.  All of the Fifteen Titles are works I authored myself except for a few exceptions.  One exception is a public domain work that is "The INSLAW Affair: Investigative Report by the Committee on the Judiciary Together With Dissenting and Separate Views," a hard-to-find document once produced by the Government Printing Office,[1] that I have republished for the benefit of interested persons.  Another exception is the book, *Trail of*

---

[1] Available on Amazon at http://www.amazon.com/The-INSLAW-Affair-Investigative-ebook/dp/B0036FTZIY.

*the Octopus,* by Lester Coleman and Donald Goddard.[2]  *Trail of the Octopus,* was

republished by OML pursuant to a contract entered into between Lester Coleman and 1

Prime Publishing, LLC, a wholly-owned subsidiary of OML (see *infra* at ¶ 9).  A third

exception are the two works, *What Is Buddhism?* coauthored with Tara Carreon, and

*Another View on Whether Tibetan Buddhism Is Working in the West,* published with

permission of the credited author, Tara Carreon.

9.  As noted *supra*, the publishing contract pursuant to which OML published *Trail of the*

*Octopus* was entered into between 1 Prime Publishing, LLC and Lester Coleman.  1

Prime Publishing, LLC was wholly-owned by OML, as reflected in the IRS document

issuing the EIN number for 1 Prime Publishing, LLC, attached hereto as **Exhibit 6**.

10.  None of the revenue from the Fifteen Titles was paid to American Buddha.

11.  OML has realized no net revenue from sale of the Fifteen Titles.  For example, on just

one title, *Trail of the Octopus*, the following expenses were incurred, as recorded in the

documents jointly attached as **Exhibit 7**:

| | |
|---|---|
| Booksurge Submission Fee | 299.00 |
| Book Design by Rogue Design Group | 1,207.50 |
| PR Newswire Press Release | 260.00 |
| Author's Copies (8) | 72.77 |
| Total Costs | $1,839.27 |

12.  Attached hereto as **Exhibit 8** are true copies of pages excerpted from the deposition of

Tara Carreon, testifying as the Director of American Buddha.  Penguin's attorney asked

no questions during this segment of the deposition, but rather presented her with an iPad

and delivered a series of prompts that guided her through a point-and-click process.

13.  A trial of the issues that would be posed by this case would require presentation of at

least two lay witnesses for the defendant, one of whom lives in Arizona, and the other in

Oregon.  At least two expert witnesses will be required to establish (a) the true facts of

---

[2] http://www.amazon.com/Trail-of-the-Octopus-ebook/dp/B001PTH6Y8/ref=sr_1_1?s=digital-
text&ie=UTF8&qid=1349068697&sr=1-1&keywords=trail+of+the+octopus

what usage the AB Websites actually have, and (b) the legitimacy of digital libraries of

books and their entitlement to the same exemption from copyright liability as paper

libraries.  I have tried approximately sixty jury trials, and have a keen awareness for the

out-of-pocket financial expense of trying a lawsuit; further, I am aware of the substantial

opportunity costs that I must suffer spending time in cross-country travel.  I have handled

this case pro bono until now, and have done the best I can without stinting on time and

funds, but there are limits to everything.  To assume the entire cost of presenting the

defense of this case would be a substantial challenge in any venue; however, to put on the

defense in New York City, with all of the attendant travel and lodging costs, would

severely impair the quality of the defense and prejudice the outcome.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct under

the law of the United States of America, and that this declaration was signed on October 1, 2012

at Tucson, Arizona.

/s/Charles Carreon

_____

Charles Carreon, Declarant