USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
PENGUIN GROUP (USA), INC.,                               :
:
                              Plaintiff, :
:        No. 09 Civ. 528 (RA)
        -v-                                 :
:        ORDER
AMERICAN BUDDHA,                                         :
:
                              Defendant. :
:
-----------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

      Plaintiff Penguin Group (USA), Inc. brought this action for copyright infringement against Defendant American Buddha. On March 7, 2013, the Court dismissed Penguin's complaint for lack of personal jurisdiction. Before the Court is American Buddha's motion for attorney's fees pursuant to Section 505 of the Copyright Act. In its opposition, Penguin requests that the Court sanction American Buddha for filing the instant motion. For the following reasons, the Court denies both American Buddha's motion for attorney's fees and Penguin's request for sanctions.

      The attorney's fees provision of the Copyright Act, 17 U.S.C. § 505, provides, in relevant part, that a court "in its discretion may allow the recovery of full costs . . . [and] award a reasonable attorney's fee to the prevailing party as part of the costs." American Buddha asserts that it is entitled to an award of attorney's fees because it is a "prevailing party" in light of the Court's dismissal of this action for lack of personal jurisdiction. Penguin counters that American Buddha is not a "prevailing party" for purposes of the statute, and that, in any event, no award of fees is justified. The Second Circuit has not directly addressed whether the dismissal of claims

against a defendant for lack of personal jurisdiction renders it a "prevailing party" for purposes of § 505. The Court need not decide this issue, however, because even if Defendant is deemed a prevailing party, an award of attorney's fees is not warranted in this case.

In determining whether to grant attorney's fees, courts commonly consider several factors, including "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." Bryant v. Media Right Prods., Inc., 603 F.3d 134, 144 (2d Cir. 2010). "The third factor—objective unreasonableness—should be given substantial weight." Id. (citing Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001)). American Buddha appears to argue that Penguin's continued effort to bring this action in the Southern District of New York was frivolous and objectively unreasonable because "[i]t was evident from the outset that American Buddha had no revenue and that therefore jurisdiction could never be upheld under CPLR 302(a)(3)(ii)." (Defs. Mem. 1.) It also contends that Penguin's jurisdictional arguments were made "for purposes of harassment." (Defs. Mem. 3.) The Court disagrees.

The Court's Order dated March 7, 2013 dismissing Penguin's claims against American Buddha for lack of personal jurisdiction was the culmination of several years of litigation in this Court, the Second Circuit and the New York Court of Appeals. The question of whether this Court could exercise personal jurisdiction over American Buddha was an unresolved issue at the time Penguin commenced this action and it was only after such litigation that this Court ultimately concluded that it did not have such jurisdiction. Moreover, the rulings on American Buddha's first motion to dismiss—including on appeal to the Second Circuit and on certified question to the New York Court of Appeals—only considered where the "situs of the injury" is

located for purposes of CPLR 302(a)(3)(ii) in the context of copyright infringement claims involving the uploading of copyrighted works on the Internet, an issue that had not been previously decided by the Second Circuit or the Court of Appeals.  When the Court of Appeals decided this element in Penguin's favor, the parties necessarily had to return to court to litigate the remaining elements of CPLR 302(a)(3)(ii).  On American Buddha's second motion to dismiss, Judge Koeltl, to whom this case was previously assigned, considered the "substantial revenue" and "reasonable expectation" elements of the statute but denied the motion without prejudice to renewal after the conclusion of limited jurisdictional discovery.  It was only with the benefit of that subsequent discovery that the Court had a sufficient factual basis to grant American Buddha's third motion to dismiss due to Penguin's failure to satisfy the substantial revenue prong of the New York statute.  In finding in favor of American Buddha in its March 7th ruling, the Court nonetheless recognized the complexities of personal jurisdiction in the Internet age, a factor that was noted by each court in ruling on American Buddha's prior motions.  Penguin's continued effort to litigate the issue of personal jurisdiction in light of the questions of fact and law that had to be addressed by the courts was neither frivolous nor unreasonable.

American Buddha's argument that Penguin sought to harass American Buddha in bringing this action and pursuing the issue of personal jurisdiction is equally unsupported by the history of this litigation.  Penguin acted reasonably in initiating this action in the district in which it holds its copyrights and where the question of personal jurisdiction over a foreign defendant in a case such as this was unresolved.  Moreover, American Buddha has never disputed that Penguin owns the copyrights at issue in this case but rather asserts the "library privilege" affirmative defense.  After the Court dismissed this action for lack of personal jurisdiction, Penguin subsequently re-filed this case in the District of Oregon.  Despite American Buddha's

assertion to the contrary, (see Defs. Mem. 2), Penguin clearly has an interest in reaching the merits of its claim. At no point did Penguin "employ any dilatory, vexatious, harassing or other improper tactics in pursuing this action." See Effie Film, LLC v. Pomerance, No. 11 Civ. 7087 (JPO), 2013 WL 1759560, at *4 (S.D.N.Y. Apr. 24, 2013). Thus, American Buddha's motion for attorney's fees is denied.

In opposing American Buddha's motion, Penguin asks the Court to sanction American Buddha pursuant to 28 U.S.C. § 1927 or the Court's inherent power for filing its motion for attorney's fees because it is "patently clear" that it had "absolutely no chance of success." (Pl. Opp'n 17 (citing Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986)).) Section 1927 provides that a court may impose sanctions on an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." Sanctions may be imposed "only when there is a finding of conduct constituting or akin to bad faith." In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000). Although the Court denies American Buddha's motion for attorney's fees, it does not find that American Buddha acted vexatiously or in bad faith in making such motion.

Accordingly, for the foregoing reasons, American Buddha's motion for attorney's fees and Penguin's request for sanctions are both denied. The Clerk of Court is respectfully directed to close the motion at Docket Number 70.

SO ORDERED.

Dated:   June 27, 2013
         New York, New York

_____
Ronnie Abrams
United States District Judge

4